UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 03-CR-0088

ANTHONY MILLER,

        Defendant.

## ORDER

On October 21, 2003, Defendant Anthony Miller was sentenced to twenty-seven months in the custody of the Bureau of Prisons following his conviction for assault. His supervised release was subsequently revoked and on April 4th, 2007, I sentenced him to twelve months and one day imprisonment. Miller has written a letter to the court requesting that the court clarify and advise the Bureau of Prisons as to the proper credit he is to receive for previous time spent in custody.

I have reviewed the docket and see no evidence that Miller spent any time in custody prior to his sentencing other than the few days awarded. Although his letter refers to previous time spent in custody, I assume it was in connection with state convictions or revocations of state probation. Normally, he would not receive credit for such sentences against his federal sentence.

In any event, I conclude that I am without jurisdiction to address whatever objections Miller may have to the Bureau of Prison's determination of his sentencing credit. It is well-established that a District Court has no authority to order the Bureau of Prisons to give a defendant credit for pretrial incarceration because that authority rests exclusively with the Bureau of Prisons. *See United States*

*v. Wilson*, 503 U.S. 329 (1992); *United States v. Ross*, 219 F.3d 592, 594 (2000). It is the Bureau of Prisons, and not the sentencing court, that computes credit due under 18 U.S.C. § 3585(b). Federal regulations afford prisoners administrative review of the computation of their credits, *see* 28 C.F.R. §§ 542.10-542.16 (1990), and prisoners can seek judicial review of the computation after exhausting their administrative remedies. *See United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995).

Based upon the foregoing, I conclude that defendant's request that I review his sentence and correct any errors in jail credit computation should be denied.

**SO ORDERED** this ___26th___ day of September, 2007.


s/ William C. Griesbach
William C. Griesbach
United States District Judge